UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL DEMARQUIS,

     Plaintiff,

v.

SIMPLE FAST LOANS, INC.,

     Defendant.

Case No. 1:20-cv-00770

## COMPLAINT

**NOW COMES** Plaintiff, MICHAEL DEMARQUIS, through undersigned counsel, complaining of Defendant, SIMPLE FAST LOANS, INC. as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5.    MICHAEL DEMARQUIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2123 Madden Road, Temple, Texas 76502.

6.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.    Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8.      SIMPLE FAST LOANS, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Texas.

9.      Defendant has its principal place of business at 8601 Dunwoody Place, Suite 406, Atlanta, Georgia 30350.

10.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11.      Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8160.

13.      At all times relevant, Plaintiff's number ending in 8160 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14.      At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15.      Earlier this year, Plaintiff applied for and obtained an unsecured loan from Defendant to help with personal and household expenses.

16.      This loan is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

17.      As result of unexpected financial hardship, this loan went unpaid.

18.      Before long, Plaintiff started to receive phone calls from Defendant seeking payment on Plaintiff's loan.

19.      On multiple occasions, including on July 2, 2020 as well as on July 14, 2020, Plaintiff answered Defendant's collection calls and verbally requested that these phone calls cease.

20.      Undeterred, Defendant instead demanded immediate payment.

21. On several instances, Plaintiff sought to explain how he'd encountered financial hardship and was unable to pay the loan back.

22. Nonetheless, in spite of Plaintiff's requests, Defendant's collection calls persisted.

23. Each time Plaintiff answered Defendant's collection calls, he was met by an approximate three-second pause prior to being connected to an agent.

24. In addition to receiving these phone calls, on numerous occasions, Defendant attempted to withdraw payments from Plaintiff's banking account without Plaintiff's consent.

25. In total, Plaintiff received at least 20 phone calls from numbers leading back to Defendant, including (512) 220-4218 and (512) 738-8041.

26. To date, Plaintiff received no less than 20 unwanted and unconsented to collection phone calls from Defendant despite Plaintiff's request(s) that these phone calls stop.

27. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

28. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

29. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge

Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

30.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

31.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.     Defendants placed or caused to be placed no less than 20 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

33.     Upon information and belief, based on the three-second pause Plaintiff experienced when answering Defendant's phone calls, Defendant employed an ATDS to place calls to Plaintiff.

34.     Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

35.     Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

36.     As pled above, Plaintiff verbally requested that Defendant's collection calls cease on multiple occasions, including, but not limited to on: July 2, 2020 and July 14, 2020.

37.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

38.     Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

39.     Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

40.     Upon information and belief, Defendant knew that its collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

41.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

42.     As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

43.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

44.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

    (4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

5

Tex. Fin. Code Ann. § 392.302(4).

45.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that these phone calls stop.

46.     Defendant's incessant phone calls were made with the intent to harass Plaintiff.

47.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)     A person may sue for:

    (1)     injunctive relief to prevent or restrain a violation of this chapter; and

    (2)     actual damages sustained as a result of a violation of this chapter.

(b)     A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.     an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.     an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.     an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable of right.

DATED: July 21, 2020                              Respectfully submitted,

                                                 **MICHAEL DEMARQUIS**

                                                 By: */s/ Joseph S. Davidson*

                                                 Mohammed O. Badwan
                                                 Joseph S. Davidson
                                                 SULAIMAN LAW GROUP, LTD.
                                                 2500 South Highland Avenue
                                                 Suite 200
                                                 Lombard, Illinois 60148
                                                 +1 630-575-8181
                                                 mbadwan@sulaimanlaw.com
                                                 jdavidson@sulaimanlaw.com